THE STATE OF KANSAS, *on the relation of Alfred J. Harwi,* v. W. D. WEBB, *as Judge of the Atchison District Court.*

NEW TRIAL, *Refusal of—Entry of Judgment—Mandamus.* With a view to substantial justice between the parties, a trial court, even after a motion for a new trial is overruled, may reserve for future consideration the question whether judgment should be entered upon the verdict of the jury. (Civil Code, § 409.)

*Original Proceeding in Mandamus.*

THIS is an application for a peremptory writ of *mandamus* against the district court of Atchison county, to compel the entry of judgment of $21,593.50 upon a general verdict returned on the 29th of April, 1893, in favor of A. J. Harwi and against the Atchison Savings Bank, after the motion for a new trial had been overruled. The application is based upon the record in the action, and was made by the plaintiff on January 22, 1894. Each of the defendants has filed returns or answers why a peremptory writ should not issue. The plaintiff has demurred thereto, and has also filed his motions to strike out the returns or answers as irrelevant and redundant, and not constituting any return or answer to plaintiff's

petition. The case was argued and submitted at the March sitting of the court for 1894.

It appears from the pleadings that on the 29th of December, 1891, Alfred J. Harwi commenced his action in the district court of Atchison county against James W. Parker, the Atchison Savings Bank, Albert G. Otis, and R. A. Park, defendants, to recover $20,000, with interest thereon from December 3, 1891. A. J. Harwi had loaned J. W. Parker about $20,000, and held Tucson Water Company bonds as collateral. The bank, acting as trustee, under the executive management of A. G. Otis, president, and R. A. Park, cashier, had foreclosed the mortgage given to secure these bonds, and sold the property to J. W. Parker and Sylvester Watts for $150,000, and taken up $130,000 of the $150,000 indebtedness. When this came to Harwi's knowledge, he made demand for his $20,000, and, upon refusal, brought this action.

A trial was had before the court with a jury on April 24, 1893. On the 29th of April, 1893, the jury returned a verdict in favor of the plaintiff, and against the Atchison Savings Bank, for $21,593.50. On May 2, 1893, the bank filed its motion for a new trial; and on October 26, 1893, the bank filed a further motion to set aside the verdict, and to dismiss the action as settled, upon the ground that the plaintiff's claim had been fully paid and satisfied. The motions of the bank were overruled on the 12th of December, 1893. At the same term of the court, an application or petition was presented the court by the bank, alleging that, since the trial of the cause, and on or about the 27th of September, 1893, James W. Parker made a full settlement with the plaintiff of his indebtedness to him, and that plaintiff accepted such payment in full of all demands due from Parker, and thereon surrendered to Parker his bonds and all claim made by him against the Atchison Savings Bank, and thereby released the bank from all existing liability. The application or petition also alleged that Harwi had no claim against the bank, except such as resulted from the failure of J. W. Parker to pay the amount of his indebtedness to the plaintiff, and because

30—53 KAS.

of the failure of Parker and Sylvester Watts to keep and perform their agreements to deliver 150 bonds, of the face value of $150,000, of the Tucson Water Company to the sheriff of Pima county, Arizona, for the benefit of the Atchison Savings Bank, as trustee for the bondholders. In the answer demurred to, among other things, it is alleged:

"This defendant further says, that upon the trial of said petition to dismiss said cause as so settled by said J. W. Parker, and for an injunction as above stated, there was evidence offered which tended to show that said A. J. Harwi had made a full settlement of said claim against J. W. Parker, as hereinbefore stated, and that said A. J. Harwi had no further interest in said action, and defendant thereon says that the refusal to enter such judgment was proper, reasonable, and right, and that said A. J. Harwi is not interested in this action, but, on the contrary, has no interest therein, and that this proceeding is not prosecuted in the name of or by the real party in interest, and that said relator is not the party beneficially interested in the application filed in this case."

After the application or petition of the bank had been filed in the district court, an injunction was prayed for. The court restrained J. W. Parker and A. G. Otis from transferring, assigning or disposing of any of the 20 bonds of the Tucson Water Company, described in the petition of plaintiff, and then directed the clerk of the court not to enter judgment upon the verdict until the further order of the court.

*W. W. & W. F. Guthrie*, for relator.

*H. M. Jackson*, for defendant.

The opinion of the court was delivered by

HORTON, C. J.: Section 409 of the code reads:

"When a trial by jury has been had, judgment must be entered by the clerk in conformity to the verdict, unless it is special, or the court order the case to be reserved for future argument or consideration."

Generally, it is the duty of a trial court, upon overruling a defendant's motion for a new trial, to render judgment upon

the general verdict; but special circumstances may arise permitting the court to reserve the case for future argument or consideration, even after the motion for a new trial is overruled. The statute expressly permits this. The application or petition filed by the Atchison Savings Bank in the trial court presents such facts touching the payment and satisfaction of the claim of the plaintiff by the person primarily liable therefor that we do not perceive the trial court abused its discretion in reserving the case for further consideration. Of course, a court has no legal right to suspend an entry of a judgment, or the execution of a judgment arbitrarily, but, with a view to substantial justice between the parties, the court may, for good and sufficient reasons, refuse or delay to enter judgment.

Again, it appears from the allegations of the answers of the defendants that a plaintiff has no longer any interest in the verdict or in the entering of a judgment. A *mandamus* must be brought in the name of the party in interest. (*The State, ex rel., v. Marston*, 6 Kas. 532.) The facts alleged in the answers do not show that the plaintiff has made such a transfer of his claim or cause of action as to authorize the same to be continued in his name, under § 40 of the civil code. If J. W. Parker were substituted in the action in the place of Harwi, it is apparent, if the facts alleged in the record are true, that he would not be entitled to enforce a judgment of $21,593.50 against the Atchison Savings Bank. If, since the verdict of the jury, A. J. Harwi has been paid his full indebtedness from J. W. Parker for which the bonds were given him as collateral, and has transferred his bonds to Parker or to anyone who holds them for him, the district court of Atchison county may delay the enforcement of the judgment of Harwi against the Atchison Savings Bank until the bank has a reasonable opportunity afforded it to obtain equitable relief from the entering or collection of the judgment for the benefit of Parker. The writ of *mandamus* lies to a great extent in the discretion of the court where the application is made, and such a writ will not issue unless the plaintiff shows affirma-

tively that he has a clear legal right to the same. ( *The State,
ex rel., v. Marston,* supra; *Cormack v. Wolcott,* 37 Kas. 391.)
The writ will be denied.

All the Justices concurring.